UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNON LEFTRIDGE, JR.,
    Plaintiff,
v.                                           3:12-cv-150 (WWE)
SUPPORT ENFORCEMENT SERVICES,
CONNECTICUT DEPARTMENT OF
SOCIAL SERVICES, and CHILD SUPPORT
UNIT; FAIR HEARINGS UNIT,
    Defendants.

**CORRECTED RULING ON PLAINTIFF'S MOTION
FOR RULING ON PENDING MOTIONS[1]**

Plaintiff filed this action, pro se, against defendants Support Enforcement Services, Connecticut Department of Social Services, Child Support Unit and Fair Hearings Unit related to state court orders concerning the garnishing of his federal tax returns. Plaintiff alleges that defendants have harassed African-American court litigants in violation 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 2000d.

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff has also filed a motion to amend. For the following reasons, the Court will grant the motion to dismiss [#58], and plaintiff's motion to amend [#187] will be denied.

**BACKGROUND**

Plaintiff is an individual who has been involved in a state court proceeding related to the custody and support of his minor son. On September 27, 2010, the Connecticut Superior Court ordered an increase in plaintiff's child support obligation to

---

[1] The Court amends the ruling to correct the signature date.

1

$150 per week, retroactive to May 28, 2010, the date of the filing of the state's motion to modify support. In a ruling dated June 12, 2012, the Appellate Court reversed the Superior Court judgment based on lack of service of the State's motion to modify. The case was remanded with directions to vacate the support orders entered by the court on September 27, 2010.

## DISCUSSION

### A. Motion to Dismiss Complaint For Lack of Subject Matter Jurisdiction

The existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

1. Rooker-Feldman

The Rooker-Feldman doctrine applies to actions brought by a state-court loser complaining of injuries "caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). The Second Circuit has set out the four requirements of the Rooker–Feldman doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review

and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005). The determination of subject matter jurisdiction depends upon the state of the action at the time it is brought to suit. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004).

The instant action is based on the state court rulings adverse to plaintiff. Although the state appellate court reversed the superior court on June 12, 2012, plaintiff was a state court loser at the time of the complaint's filing on January 31, 2012. Further, plaintiff's injuries–the allegedly illegal garnishment and harassment–were caused by the state court's orders that plaintiff now requests the Court to find in violation of the his rights.[2] Plaintiff asserts that the state court erred by making findings that gave rise to its order against him. To afford plaintiff the relief he seeks, the Court would have to review and reject as improper the state court ruling. Thus, Rooker-Feldman doctrine bars this Court's review of the contested child support orders and proceedings to enforce them. See Temple v. N.Y.S. Dept. of Taxation & Finance, 2012 WL 503618, *4 (E.D.N.Y. Feb. 15, 2012).

The Court recognizes that the state superior court judgment was reversed; "a decision by the a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." Homola v. McNamara, 59 F.3d 647, 650 (7th Cir. 1995); Sadler v. Connecticut Supreme Court, 2005 WL 39135, *3 (D. Conn. 2005). Accordingly, dismissal for lack of subject matter jurisdiction of the instant complaint is

---

[2]Issuance of the child support orders precipitated the complained of garnishment. See Conn. Gen. Stat. § 52-362e(a).

appropriate pursuant to the doctrine of Rooker-Feldman.

2. Abstention

Plaintiff's requested injunctive relief for return of his tax refunds and a cease and desist order is barred due to principles of federalism enunciated in Younger v. Harris, 401 U.S. 37 (1971). Federal courts should generally abstain from enjoining or otherwise interfering in ongoing state proceedings in light of the interrelated principles of comity and federalism. Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003). Generally, Younger requires federal courts to abstain from taking jurisdiction over federal constitutional claims arising from ongoing state court proceedings except in the most extraordinary circumstances and upon a clear showing of great and immediate harm. Marcel v. U.S., 2012 WL 4035215, (E.D.N.Y. 2012). The federal court must abstain from interfering in state court proceedings when three conditions are met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002).

Plaintiff's action meets the three conditions. First, the state court proceedings and orders against plaintiff appear to be ongoing. Second, the state has an important interest in the adjudication of child support issues within its state court system. Third, the state court system affords plaintiff an adequate forum to adjudicate his federal constitutional claims. See Reinhardt v. Mass. Dep't of Soc. Servs., 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("Clearly, the Family Court of New York is bound by the Federal Constitution. Thus, notions of comity and federalism compel the assumption that the

Family Court is competent to hear and thoughtfully consider the plaintiff's constitutional challenges."). Abstention is appropriate where the plaintiff has an opportunity to raise and obtain a decision from a competent state tribunal. Spargo, 351 F.3d at 75.

A federal court may intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief, and plaintiff bears the burden of establishing that one of these exceptions applies. Diamond "D", 282 F.3d at 198.

The bad faith/harassment exception to Younger abstention is narrow and is applicable only where the party bringing the state action has no reasonable expectation of obtaining a favorable outcome. Lerner v. Drager, 2011 WL 1682348, *4 (S.D.N.Y. 2011). To fall within the unusual or extraordinary circumstances exception, plaintiff must establish that there is no timely, meaningful or adequate state remedy available, and that the litigant will suffer great and immediate harm if the federal court does not intervene. Diamond "D", 282 F.3d at 199.

The exceptions to abstention do not apply here. Plaintiff states that he was discriminated against based on his race but his allegations are conclusory and fail to set forth plausible allegations giving rise to relief pursuant to the federal statutes that he invokes. His allegations do not indicate that the superior court proceeding was animated by an intent to harass plaintiff based on his race. Further, he has not established that he has no state remedy available or that he will suffer great harm without federal court intervention, particularly in light of his proven ability to prevail at the state appellate court. Accordingly, the Court will abstain pursuant to the principles

of Younger.

    3.    <u>Eleventh Amendment</u>

The Eleventh Amendment bars plaintiff's claims for damages based on the asserted violation of Sections 1981 and 1983 against the state agency defendants.[3] Generally, a suit for recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. See <u>Florida Dep't of State v. Treasure Salvors</u>, 458 U.S. 670, 684 (1982). Neither Section 1981 nor 1983 override a state's Eleventh Amendment immunity. See <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979); <u>Lee v. Saltzman</u>, 2011 WL 5979162, *3 (W.D.N.Y. 2011). In this instance, plaintiff's claims for damages against the state and its agencies in their official capacities must be dismissed on Eleventh Amendment grounds.

    4.    <u>Damages Against Agencies Under State Statutory Law and Common Law</u>

Plaintiff seeks treble damages for theft under Section 52-564 of the Connecticut General Statutes and also under the common law of the State of Connecticut. However, it is well established that the state or its officers cannot be sued except where the state has consented to such suits by appropriate legislation. <u>Canning v. Lensink</u>, 221 Conn. 346, 349 (1992). Neither Section 52-564 nor the common law waives the State's sovereign immunity for damages relevant to the instant action. Dismissal of such claim is appropriate.

---

[3] Because plaintiff cannot state a plausible Title VI claim, Title VI abrogation of the Eleventh Amendment is not applicable.

B.  **Motion to Dismiss for Failure to State A Claim**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

With regard to allegations of fraud or fraudulent conduct, a plaintiff must comply with the higher pleading standard required by Federal Rule of Civil Procedure 9. In order to satisfy Rule 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions were fraudulent. Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). A plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: (1) to ensure that a complaint provides defendant with

fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

Where a plaintiff is appearing pro se, the complaint must be liberally construed in the plaintiff's favor and must be held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, the court's focus remains on whether the complaint states any valid ground for relief. Ferran v. Town of Nassau, 11 F. 3d 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).

1. Title VI

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must plead that a defendant discriminated against him on the basis of race and that the discrimination was intentional and a substantial or motivating factor. Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001). Title VI protection encompasses only intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 280 (2001). Therefore, any allegation of disparate impact will be dismissed.

Review of plaintiff allegations reveals that plaintiff's allegations are conclusory and vague assertions that defendants conspired to discriminate against him or intentionally discriminated against him. Plaintiff alleges, inter alia, that defendants have a history of engaging "in a pattern and practice of profiling, harassing and intentional

discrimination" against African Americans "in disproportionate numbers because of their race while they are parties to cases within federally funded state agencies" and that defendants garnished his 2010 tax returns as "part of their pattern and practices of harassing African-American males who have shared joint legal custody of their children in the state of Connecticut for purposes of illegal slavery." Plaintiff has failed to set forth facts or events that support his assertions of conspiracy, bad faith, harassment or discrimination. Accordingly, plaintiff's allegations do not withstand the standard set forth by Iqbal or Twombly for a plausible Title VI claim and should be dismissed. See Manolov v. Borough of Manhattan Community College, 2012 WL 6703570, *6 (S.D.N.Y. 2012).

  2. Support Enforcement Services as Defendant

Plaintiff complains about the entry of child support orders against him. However, only the Family Support Magistrates have power to issue such orders rather than the named defendants. See Conn. Gen. Stats. § 46b-231(m)(2)(A). Accordingly, plaintiff's complaint cannot plausibly allege facts establishing that the named defendants, which do not have authority to issue such orders, are responsible for the alleged discriminatory orders issued against him.

  C. **Motion to Amend the Complaint**

Plaintiff has submitted an amended complaint that seeks to allege new causes of actions against several individual defendants, including judges and attorneys for the State of Connecticut, state court employees, Jodi Rell, and the Connecticut

Commission on Human Rights and Opportunities.[4]

Plaintiff seeks to allege the following counts: (1) Violation of the 1866 Civil Rights Act, 42 U.S.C. § 1981 and 1982; (2) violation of 42 U.S.C. § 1983 pursuant to the Fourth, Thirteenth and Fourteenth Amendments; (3) violation of Title VI; (4) malicious prosecution and abuse of process pursuant to Section 1983; (5) identity theft in violation of the 1974 Privacy Rights Act and other laws; (6) violation of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments; (7) violation of the Americans with Disability Act ("ADA") and Rehabilitation Act; (8) violation of the Connecticut General Statutes § 46b-56a; (9) violation of Monell v. Department of Social Services; and (10) violation of Griswold v. Connecticut.

A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend a complaint shall be freely given when justice so requires and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party. S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979).

---

[4]Plaintiff names his minor son as a party in the caption of his proposed amended complaint. However, plaintiff as a non-attorney cannot represent his son in this action and does not have standing to assert rights of others. Warth v. Seldin, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action."). This Court cannot assert jurisdiction over a claim based on alleged harms to members of plaintiffs' family. See, e.g., Burton v. City of New York, 1997 U.S. Dist. LEXIS 19946 (E.D.N.Y. Nov. 28, 1997) (granting motion to dismiss where plaintiff asserted claims on behalf of his wife).

1. <u>Alleged Defendants</u>

Federal pleading requires factual allegations of the conduct giving rise to the entitlement to relief. <u>Twombly</u>, 550 U.S. at 555.

In the proposed counts, plaintiff has for the most part failed to delineate the wrong-doing of specific defendants. Plaintiff fails to describe conduct by former Governor Jodi Rell, who is mentioned only as a "state representative and former governor of State of Connecticut for the division of the executive;" and the complaint describes no conduct by Assistant Attorney General Judith Brown, Carl C., Allen G., March Ciarciello, Linda Dow, Nancy Kierstand, and Ann Laurie Parent. Plaintiff alleges that Tammie Gildea, a guardian ad litem, and Robert Simpson, a private attorney, acted under color of law. However, plaintiff has failed to state a coherent claim against these individuals that would survive a motion to dismiss.

The allegations against the state judges, including Judges Shluger and Boland, are barred by absolute immunity.[5] A judicial officer is free to exercise the authority vested in him or her without apprehension of suit. <u>Mireles v. Waco</u>, 502 U.S. 9, 10 (1991). Judicial immunity is not defeated by procedural errors, bad faith, malice or corruption. <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978). The allegations against these defendants concern their exercise of authority as judicial officers or judges. Thus, plaintiffs claims against these defendants would not survive a motion to dismiss.

The allegations against the Support Enforcement Officers and court employees are barred by quasi-judicial immunity since all of the allegations asserted against these

---

[5]The Court can take judicial notice based on public information that Shluger and Boland are state judges. <u>D'Amico v. Willis</u>, 13 Conn. App. 124, 128 (1987).

defendants pertain to their performance of official duties integral to the judicial process. Carrubba v. Moskowitz, 274 Conn. 533, 546 (2005) (attorneys who perform functions integral to the judicial process are entitled to absolute quasi-judicial process); Gyadu v. Law Office of Eugene Melchionne, 2008 WL 4779832, *3 (Conn. Super. Ct. 2008) (court clerks who perform functions integral to the judicial process are entitled to the absolute-quasi immunity). Plaintiff's claims against these defendants would not survive a motion to dismiss.

Any allegations against a state attorney general or state attorney based on his or her prosecution or defense of a case and preparation thereof is barred by absolute immunity. Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012); Barrett v. United States, 798 F.2d 565, 575 (2d Cir. 1986).[6] This immunity also applies to an assistant attorney general's role as a witness. Rolon v. Henneman, 517 F.3d 140, 145 (2d Cir. 2008). Although the allegations are so conclusory that they are difficult to discern, plaintiff appears to complain about the assistant attorney generals' conduct in carrying out their jobs as assistant attorney generals. Accordingly, these allegations cannot prevail on a motion to dismiss.

Plaintiff's allegations for damages against the State of Connecticut, state agencies or state officials in their official capacities brought pursuant to Sections 1981 and 1983 are barred by the Eleventh Amendment. Quern, 440 U.S. at 342.

    2.    Count One

Count one alleges violations of Section 1981 and 1982 based on unspecified

---

[6]Plaintiff also lacks standing to complain about proceedings before a grievance committee. In re Attorney Disciplinary Appeal, 650 F.3d 202, 203-203 (2d Cir. 2011).

defendants' pattern and practice of "depriving African-American male fathers of due process because of their disability, gender, race, color black;" seizure of his tax exempt property; and racial profiling as plaintiff traveled through the State of Maryland and was subjected to an illegal stop, arrest and search and seizure.

The Court has difficulty reconciling plaintiff's allegations of racial profiling in Maryland with conduct attributable to the named defendants. Further, Sections 1981 and 1982 do not appear to be applicable to plaintiff's claims under any reasonable construction of the allegations. Section 1981 applies to deprivation of contractual rights based on race, Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006), and Section 1982 concerns rights to inherit, purchase lease, sell, hold or convey personal property. Graham v. U.S. Postmaster Gen., 2001 WL118591, *4 (N.D.N.Y. 2001).

As a whole, plaintiff's allegations are conclusory and vague so that defendants cannot form a response. Count one cannot survive a motion to dismiss.

    3.    Count Two

In count two, plaintiff alleges violations of the Fourth, Thirteenth and Fourteenth Amendments pursuant to Section 1983. Plaintiff's allegations do not adequately set forth factual allegations that support plausible claims for deprivation of rights pursuant to these constitutional amendments. Accordingly, allowing for plaintiff to plead this count in an amended complaint is futile.

    4.    Count Three

In count three, plaintiff has alleged violation of Title VI against unspecified defendants for engaging in intentional retaliation and racial discrimination which has a

disparate impact. For the reasons previously discussed in the ruling on the motion to dismiss relevant to plaintiff's Title VI claim, plaintiff's allegations are conclusory and do not state a plausible Title VI cause of action.

     5.    <u>Count Four</u>

In count four, plaintiff alleges violation of Section 1983 on the basis of malicious prosecution and abuse of civil process by unspecified defendants who allegedly continued without probable cause to retaliate, discriminate and harass plaintiff by enforcing policies and practices that have a disparate impact on African-American custodial fathers in courts. To the extent that plaintiff's claim concerns the alleged superior court orders, plaintiff cannot state a cognizable malicious prosecution claim pursuant to Section 1983. Section 1983 liability may not be predicated on a claim of malicious abuse of civil process. <u>Green v. Mattingly</u>, 585 F.3d 97, 104 (2d Cir. 2009); <u>see</u> <u>also</u> <u>Rolon</u>, 517 F.3d at 147.

Plaintiff also alleges that defendants unreasonably stopped plaintiff, used excessive force against him and arrested him as a pattern and practice of arresting African Americans who drive on highways. These factual allegations are so vague that defendants cannot respond as there is no way to know what defendant may be liable. Further, this incident involving a highway stop appears unrelated to any of the named defendants, but concerns the previously mentioned incident that is alleged to have occurred in Maryland.

Accordingly, the allegations do not assert any plausible claim that can survive a motion to dismiss.

6.     Count Five

In count five, plaintiff alleges violation of Privacy Rights of 1974 and "identity theft federal violations, Identity Theft Laws, Assumption Deterrence Act." Plaintiff has not specified which defendants are liable or the factual basis for these claims; it is unclear which laws he invokes by "Identity Theft Laws;" and the Privacy Act does not apply to state agencies or state officials. Duffy v. Evans, 2012 WL 4327605, *6, n. 4 (S.D.N.Y. 2012). This count cannot prevail on a motion to dismiss.

7.     Count Six

In count six, plaintiff alleges violations of the First, Fourth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Amendments and the "Equal Protection Provisions of the U.S. Constitution" against unspecified defendants. Plaintiff's proposed count has stated violation of these constitutional provisions, incorporated the facts of the complaint, and requested compensatory and punitive damages. This count fails to provide notice of who is alleged to be liable or the nature of conduct giving rise to the specific constitutional violations. On a motion to dismiss, this count would be dismissed as conclusory and vague.

8.     Count Seven

In count seven, plaintiff alleges that unspecified defendants violated Section 504 of the Rehabilitation Act and the ADA. Plaintiff's allegations are flawed as conclusory and vague, particularly with regard to his failure to allege that he is an individual with a disability within the meaning of the Rehabilitation Act or the ADA, or how he was

discriminated on the basis of his alleged disability.  See Henrietta D. v. Bloomberg, 331 F.3d 261, 276 (2d Cir. 2003).  This claim cannot survive a motion to dismiss.

9.   Count Eight

In count eight, plaintiff asserts violation of Section 46b-56a of the Connecticut General Statutes by unspecified defendants who discriminated against him on the basis of his race and gender.  This statute concerns joint custody orders upon a dissolution of marriage.

The Court has no jurisdiction over such a claim.  First, to the extent that plaintiff brings a cause of action based on state law in federal court against the state or its agencies, the claim is barred by the Eleventh Amendment.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  Second, to the extent that plaintiff has alleged a cause of action based on the custody orders relevant to his divorce proceedings, this claim falls within the domestic relations exception to federal jurisdiction.  Federal courts have discretion to abstain from exercising jurisdiction over issues that "begin and end" in a domestic dispute where full and fair adjudication is available in state courts; such abstention may apply to civil rights actions.  Schottel v. Kutyba, 2009 WL 230106, *1 (2d Cir. 2009); McNight v. Middleton, 699 F. Supp. 2d 507, 519 (E.D.N.Y. 2010).  Accordingly, the Court lacks jurisdiction to adjudicate this claim.

10.   Count Nine

In count nine, plaintiff asserts that defendants are sued for violation of Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978).

However, Monell concerns municipal liability based on a municipal custom or policy in a Section 1983 action, and it does not abrogate a state's immunity. Spavone v. N.Y.S. Dep't. of Corr. Servs., 2010 WL 2179965, *1 (S.D.N.Y. 2010). Plaintiff cannot state a plausible claim based on the allegations of count nine.

11.  Count Ten

In count ten, plaintiff alleges violation of Griswold v. Connecticut, 381 U.S. 479 (1965).

Griswold established that a Connecticut birth control law violated a right to marital privacy. Thus, construing the allegations most liberally in plaintiff's favor, plaintiff asserts that conduct by DSS and DSS attorney Teresa Drew——seizing his property and interfering with his parental rights and in disclosing confidential information— has violated his right to marital privacy. Griswold does not create an independent cause of action, and the Court must construe plaintiff's constitutional privacy claim as brought pursuant to Section 1983. However, as previously discussed, Section 1983 does not abrogate the state's Eleventh Amendment immunity and, therefore, the claim against the state agency is barred. Quern, 440 U.S. at 342 (1979). Further, as previously discussed above, a state attorney conducting her duties by bringing court proceedings and participating in such proceeding is entitled to immunity. This claim is not plausible.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The motion for leave to amend is DENIED as plaintiff's proposed claims are not cognizable

and amendment would be futile.[7]

The clerk is instructed to close this case and to find that all other pending motions are moot due to this Court's lack of jurisdiction over the matter.

Dated at Bridgeport, Connecticut, this 2d day of May, 2013.

                                                          Warren W. Eginton
                                                          Senior United States District Judge

---

[7] The Court exercises its discretion to rule on this motion prior to plaintiff's submission of a reply brief due to the clear legal deficiencies of the proposed amended complaint.